Attorneys—W. L. Countryman, Youngstown, for Marriott; John B. Morgan, for Hawk.

---

## No. 221
## NATHAN WASSERSTROM, Admr., v. COLUMBUS RY. CO.

No. 18370. Filed in the Supreme Court Feb. 7, 1924, 2 Abs. 131

Error to the Court of Appeals of Franklin County

**114. ATTORNEYS—Misconduct of in trial —Collision of trolley car and motor cycle— Negligence of motorman.**

Published Only in Ohio Law Abstract

The questions involved in this case are:

1. Is it prejudicial misconduct for attorney for defendant in a personal injury action to advise the jury that the United States Employes Compensation Commission has allowed compensation to plaintiff, a Federal employe, and that in consequence intimate that this Commission is the real party in interest and that plaintiff has been fully compensated?

2. Does the rule announced in Penn C. v. Hart, 101 OS. 196, which is applicable to steam railways, prevent recovery in a street railway case where there is no doctrine of "last chance" involved and the negligence charged is simple neglect to stop or slow down?

The pleadings alleged that Hyman Wasserstrom was riding a motorcycle on a street in Columbus and that the defendant negligently and recklessly ran a street car upon and into said motorcycle, and as a result his leg was crushed, and later he died as a result of the injury, leaving as survivors his father and mother and eleven little brothers and sisters, largely dependent upon him for support. The decedent was in the employ of the U. S. Postoffice Department as a messenger, delivering special delivery letters and parcels throughout the city on his motorcycle.

The petition alleged: (1) Failure and neglect to sound any gong. (2) Operating a street car in excess of eight miles per hour in violation of the city ordinance. (3) Failure on the part of the motorman to keep a vigilant watch and failure to give warning and stop the car and prevent collision in violation of the city ordinnance. (4) That the motorman by exercise of ordinary care could have seen the decedent in the act of driving over the railway crossing and could have stopped and slowed down the car in time to avoid the collision, but that said motorman recklessly and negligently failed to stop or slow down the street car, but ran into and against decedent's motorcycle.

There was considerable conflict in the testimony and the jury found in favor of the Railway Company. The plaintiff complained of two prejudicial errors which resulted in the finding, to-wit: (1) Misconduct of counsel which prevented a fair and impartial trial, and (2) Error in giving a special request of defendant.

The Court of Appeals affirmed the judgment below.

Attorneys—Harry Kohn, Columbus, for Nathan Wasserstrom; Johnson, Sharp, Schooler & Toland, Columbus, for Railway Company.

---

## No. 222
## WALTER COAL CO. v. CUYAHOGA SUPPLY CO.

No. 18425. Error to the Court of Appeals Hamilton County

Motion to certify record, filed in Supreme Court, Feb. 23, 1924. 2 Abs. 163.

**297. CONTRACTS — Offer and counter offer.**

Published Only in Ohio Law Abstract

For statement of facts in this case, see decision of Court of Appeals, post page ——.

Defendant contends:

1. Defendant never agreed to sell "deep mined" coal. There was no meeting of the minds of the parties and therefore no contract. The modified acceptance of plaintiff constituted only a counter proposal.

2. The modified acceptance by plaintiffs of defendant's offer was never assented to by defendant.

3. Plaintiff has not pleaded or shown any contract by defendant to deliver "deep mined" coal.

Attorneys—See Court of Appeals decision, post page 000.